### HALL et al. v. PULLMAN CO.

(District Court, S. D. Florida. August 3, 1918.)

1. CARRIERS ⬤—411—CARRIAGE OF PASSENGERS—ASSAULT—LIABILITY OF PULLMAN COMPANY.

Where the porter of a Pullman car conspired and colluded with a passenger in the latter's making of an assault upon another passenger while in her berth, the Pullman Company was liable to the assaulted passenger.

2. CARRIERS ⬤—411—CARRIAGE OF PASSENGERS—LIABILITY FOR ASSAULT.

Where passenger on Pullman car indicated he intended to assault woman passenger in her berth, who rang bell for porter and conductor, and they failing to respond, whereupon assault was committed, Pullman Company was not liable, unless it or the porter had reasonable ground to believe violence was imminent.

At Law. Action by Florence M. Hall and another against the Pullman Company. On demurrer to declaration. Demurrer overruled as to first count, and sustained as to second and third counts.

George M. Powell and Giles J. Patterson, both of Jacksonville, Fla., for plaintiffs.

John E. & Julian Hartridge, of Jacksonville, Fla., for defendant.

CALL, District Judge. The first count of the declaration charges that the plaintiff was assaulted while in her berth in a sleeping car by

a passenger, and that the porter conspired and colluded with said passenger in the making of the assault. The second count charges that the plaintiff and the passenger making the assault were passengers on the sleeping car; and that by his acts and demeanor he indicated that he intended making the assault, whereupon she rang the bell for the porter, but that the porter failed to respond, whereupon the assault was committed, and that, had the porter responded to the call, he could have prevented the assault. The negligence charged in this count is the porter's failure to answer the bell. The third count charges substantially the same facts, but substitutes the conductor for the porter.

[1, 2] In Scheffer v. Washington City, V. M. & G. S. R. Co., 105 U. S. 249, 26 L. Ed. 1070, Justice Miller says:

"To warrant a finding that negligence * * * is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence, * * * and that it ought to have been foreseen in the light of the attending circumstances."

In Ball v. C. & O. R. Co., 93 Va. 44, 24 S. E. 467, 32 L. R. A. 795, 57 Am. St. Rep. 786, Judge Keith quotes approvingly from Britton v. A. & C. Air Line R. Co., 88 N. C. 536, 43 Am. Rep. 749, as follows:

"The liability of the defendant to the plaintiff grows not out of the fact that she was injured, but out of the failure of its servants to afford her protection, after they had reasonable grounds for believing that violence to her was imminent."

Testing this declaration by these principles, I am of opinion that the first count is not vulnerable to the attack by demurrer, but that the second and third counts are. The rule of liability in a case of loss of baggage and damage resulting from an assault by a fellow passenger is, as I understand the cases, different, and this difference is based upon the fact that larceny may and ought to be expected and guarded against by the sleeping car company or its agents and servants, while an assault by a fellow passenger is not to be expected, and the company cannot be held for negligence in not protecting the passenger, unless the company or its servants had reasonable grounds for believing that violence was imminent, either through the circumstances surrounding the injured person within the knowledge of the company's servants or by being informed of such circumstances. A criminal assault upon a female passenger, although there are only two passengers on the sleeping car, is not within the rule enforced in cases of larceny of the passenger's baggage, nor is the failure of the porter or conductor to answer the call bell the natural and probable cause of the injury complained of, which ought to have been foreseen in the light of the attending circumstances set out in the second and third counts of the declaration.

The first count is, I think, good under the decision in Pullman Palace Car Co. v. Campbell, 154 U. S. 513, 14 Sup. Ct. 1151, 32 L. Ed. 1069. If an assault by the porter makes the company liable, then the assault by a passenger conspiring with the porter would equally make the company liable.